UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT W. LEWIS, SR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:25 CV 214 JMB |
| | ) |
| OFI'S TRUCKING, LLC and ADOLFO HUERTA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

Now pending before the Court is Plaintiff's Motion for Sanctions (Doc. 32). For the reasons set forth below, the Motion is **DENIED without prejudice**.[1]

**Background**

Within one month of the car accident that forms the basis of this suit, Plaintiff mailed letters to RGR Transport (a former Defendant who Plaintiff believed was the employer), Adolfo Huerta (Defendant driver), DB Insurance (insurer to Defendant OFI's and its owner, Raul Estrada, who also owns RGR), and ESIS Proclaim (which handles DB's claims) indicating an intent to file suit and directing them to place a litigation hold on the telematics data, driver logs, camera footage, and other electronic data they may possess. ESIS acknowledged receipt of the letters by Huerta, Estrada, and OFI's. Defendants do not dispute that they failed to take steps to preserve the electronic data.

---

[1] On January 28, 2026, a hearing was held on the motion in which Plaintiff failed to appear.

Plaintiff subsequently requested the telematics data in interrogatories and requests to produce served on April 4, 2025. In response (served on August 21, 2025),[2] Defendants did not provide the data and instead indicated that an "investigation continues," or that they did not have the data, or that the information was controlled by Monarch Tracking, LLC. In a subpoena directed to Monarch on October 18, 2025, Plaintiff requested the telematics data. Monarch produced GPS data from two trucks ## 7 and 9, from June 2023 (the month of the accident). All other data had been wiped pursuant to Monarch's retention policy and consistent with regulations. According to Plaintiff, Monarch indicated that no Defendant had asked it to retain any of the telematics data; conversely, there is no evidence that Defendants affirmatively asked Monarch to destroy the data. That data is now unrecoverable. Monarch further indicated that Defendant could have downloaded the data to a PDF file prior to it being wiped. However, there is no evidence that any person (Huerta, Estrada or anyone else at OFI's) had downloaded the data prior to the scrubbing.

In addition to the foregoing, Plaintiff states that he requested other electronic data including: passenger receipts and/or approvals, emails between OFI's and Huerta for a period of 90 days post-crash, telematics messaging and communications, dispatch data, fuel receipts and consumption information, and video feeds of outward-facing cameras or inward-facing cameras but that Defendants have failed to produce the same. Plaintiff further highlights some allegedly questionable activity or activity that violates regulations perpetrated by Huerta on or around the date of the accident. And, finally, Plaintiff states JZR Safety Services, OFI's safety and compliance consultant which produced an accident report, failed to appear at a deposition.

For relief, Plaintiff seeks additional discovery from OFI's, DB, and ESIS including the ability to search their computer systems for the electronic data or emails related to that data.

---

[2] These discovery requests were the subjection of a discovery dispute conference on July 22, 2025. Defendants were ordered to respond to outstanding discovery by August 21, 2025.

Plaintiff further seeks monetary sanctions and an extension of the May 11, 2026 discovery deadline.

## Discussion

Plaintiff's motion must be denied, without prejudice, because it is premature. Notwithstanding the title of the motion, Plaintiff is essentially seeking to compel discovery pursuant to Rule 37 but there is no indication that Plaintiff has actually served any discovery requests related to the discovery that he seeks via his motion for sanctions. The Court will not compel discovery responses to requests that have not been served. In addition, to the extent that Plaintiff has served discovery requests, he has failed to provide a certification that he has conferred or attempted to confer with Defendants prior to filing a motion to compel discovery. See Local Rule 3.04. Plaintiff has further offered no convincing reason why he cannot conduct discovery by the current deadline.

For completeness, the Court will address Rule 37(e), which provides:

Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

There is a common law duty to preserve evidence. <u>Best Buy Stores, L.P. v. Developers Diversified Realty Corp.</u>, 247 F.R.D. 567, 570 (8th Cir. 2007) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation" (quotation marks and citations omitted)).  There is no dispute that Defendants received notification that they should preserve evidence; and there may be evidence that they "failed to take reasonable steps" to preserve that information.  The Court has wide direction in fashioning a remedy for discovery violations. <u>See Vallejo v. Amgen Inc.</u>, 903 F.3d 733, 742 (8th Cir. 2018) (district court's discovery rulings are reviewed for abuse of discretion).  Allowable sanctions for a Rule 37(e)(1) violation are "quite broad" and "entrusted to the court's discretion." Fed.R.Civ.P. 37(e) advisory committee's note to 2015 amendment.  Rule 37(e)(2) essentially codifies spoliation of electronic evidence.  Sanctions for spoliation "require a finding of intentional destruction indicating a desire to suppress the truth." <u>Mehner v. Furniture design Studios, Inc.</u>, 143 F.4th 941, 954-955 (8th Cir. 2025).  Importantly, a determination of spoliation is through an evidentiary hearing where Plaintiff must demonstrate through witness testimony and otherwise the intent of Defendant to deprive him of evidence.  <u>Id</u>. Negligence is insufficient; however, intent may be demonstrated by circumstantial evidence. <u>Auer v. City of Minot</u>, 896 F.3d 854, 858 (8th Cir. 2018) ("To be sure, intent can be proved indirectly and Auer did not need to find a smoking gun before she could seek sanctions against the city.").

Before getting to the question of whether Plaintiff is prejudiced by the deletion of electronic data (i.e. Rule 37(e)(1)) or whether the data was intentionally destroyed (i.e. Rule 37(e)(2)), and therefore entitled to sanctions, Plaintiff must demonstrate that the data "cannot be restored or replaced through additional discovery."  Perhaps recognizing this requirement, and as noted above, Plaintiff seeks to *conduct discovery* to see if the data can be recovered.  It is unclear why Plaintiff

Page **4** of **5**

is seeking prior permission to conduct such discovery in this case.  Plaintiff may engage in discovery as long as it is consistent with the Rules.  Only after he has determined whether the information cannot be recovered or replaced may he then seek the sanctions contemplated by Rule 37(e) including costs, fees, adverse instructions, and/or default judgment.  Accordingly, Plaintiff's motion is premature.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Sanctions (Doc. 32) is **DENIED without prejudice**.  Prior to filing any further such motion, Plaintiff shall comply with Rule 37, Local Rule 3.04, and this Court's case management procedures.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of February, 2026