UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT W. LEWIS, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25 CV 214 JMB |
| | ) | |
| OFI'S TRUCKING, LLC and ADOLFO HUERTA, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

Now pending before the Court is Plaintiff's Renewed Motion for Sanctions (Doc. 47) and Defendants' Motion for Sanctions (Doc. 54).  For the reasons set forth below and at the hearing held on June 9, 2026 (Doc. 59), Plaintiff's Motion is **GRANTED in part and DENIED without prejudice in part** and Defendants' Motion is **DENIED**.

**Background**

The following is undisputed.  Within one month of the car accident that forms the basis of this suit, Plaintiff mailed letters to RGR Transport (a former Defendant who Plaintiff believed was the employer), Adolfo Huerta (Defendant driver), DB Insurance (insurer to Defendant OFI's and its owner, Raul Estrada, who also owns RGR), and ESIS Proclaim (which handles DB's claims) indicating an intent to file suit and directing them to place a litigation hold on the telematics data, driver logs, camera footage, and other electronic data they may possess.  ESIS acknowledged receipt of the letters by Huerta, Estrada, and OFI's.  Defendants do not dispute that they failed to take affirmative steps to preserve the electronic data.  Instead, Estrada merely assumed that the company that OFI's hired to collect and retain data, Monarch Tracking, LLC, would retain the data

Page **1** of **5**

forever.  Unfortunately, Monarch was not contacted to retain the data and wiped the data 6 months after the accident in accordance with its standard retention policy.[1]

In addition to the foregoing, Plaintiff received additional information regarding Defendant OFI's conduct as a business.[2]  This evidence includes a Notice of Claims and Onsite Investigation Report issued by the Department of Transportation for the time period June to December 2023. The Notice and Report outline a variety of violations ranging from allowing unlicensed CDL drivers to operate commercial motor vehicles to violating limitations of drive time to maintaining false records.  Plaintiff also has received bills of lading, settlement sheets (i.e. payroll sheets), and GPS data from two trucks, ## 7 and 9, from June 2023 (the month of the accident).  None of the information provided would show Huerta's true "on-duty time" which is relevant to Plaintiff's claims against OFI's and which would have been shown in the lost telematics data.

It is undisputed that the telematics data is unrecoverable.

### Discussion

Federal Rule of Civil Procedure 37(e) provides:

Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

---

[1] It appears that Defendant Huerta appropriately forwarded the litigation hold letter to his employer or its insurer.

[2] To the extent that Plaintiff argues that Defendants failed to timely comply with the Rules of Civil Procedure as to the production of documents or the designation of a Rule 30(b)(6) deponent, such matters are not properly before the Court.  As noted at the hearing, Plaintiffs did not go through the steps to present these issues to the Court in accordance with the Court's procedures.  Most notably, Plaintiffs did not bring these issues to the Court's attention through the informal discovery dispute procedures adopted by this Court.  While the Court acknowledges that Plaintiff believes that such informal procedures would have been fruitless, such matters should not be raised for the first time in a motion for sanctions.

(A) presume that the lost information was unfavorable to the party;

(B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

There is a common law duty to preserve evidence. Best Buy Stores, L.P. v. Developers Diversified Realty Corp., 247 F.R.D. 567, 570 (8th Cir. 2007) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." (quotation marks and citations omitted)). The Court has wide direction in fashioning a remedy for discovery violations. See Vallejo v. Amgen Inc., 903 F.3d 733, 742 (8th Cir. 2018) (district court's discovery rulings are reviewed for abuse of discretion). Allowable sanctions for a Rule 37(e)(1) violation are "quite broad" and "entrusted to the court's discretion." Fed.R.Civ.P. 37(e) advisory committee's note to 2015 amendment. Rule 37(e)(2) essentially codifies spoliation of electronic evidence. Sanctions for spoliation "require a finding of intentional destruction indicating a desire to suppress the truth." Mehner v. Furniture design Studios, Inc., 143 F.4th 941, 954-955 (8th Cir. 2025). Importantly, a determination of spoliation is through an evidentiary hearing where Plaintiff must demonstrate through witness testimony and otherwise the intent of Defendant to deprive him of evidence. Id. Negligence is insufficient; however, intent may be demonstrated by circumstantial evidence. Auer v. City of Minot, 896 F.3d 854, 858 (8th Cir. 2018) ("To be sure, intent can be proved indirectly and Auer did not need to find a smoking gun before she could seek sanctions against the city.").

There is no question that electronic data that should have been preserved has been lost because OFI's failed to take reasonable steps to preserve the data and that the data cannot be restored or replaced through additional discovery. While OFI's did take a minimal step in hiring

Monarch to manage its data, it wholly failed to ensure that the data was preserved in anticipation of litigation.  Instead, OFI's chose to rely on ill-advised assumptions and complete inaction in the face of litigation hold letters.  As set forth at the hearing, the only issue to be determined is whether Plaintiff is prejudiced by the loss of data and whether Defendants acted with the intent to deprive him of the evidence.  Certainly, Plaintiff is prejudiced by the loss of data.  As set forth in the hearing, the additional information that Plaintiff acquired, including the GPS data, does not present a full picture of the "duty time" issue that is at the heart of Plaintiff's claims against OFI's in Counts III-VII.  As such, Plaintiff has been prejudiced by the deprivation of the best evidence that would support his claims.

Whether or not OFI's acted with an intent to deprive is a question that will be reserved (along with any potential sanctions) for trial.

As set forth at the hearing, to cure the prejudice, the Court will permit Plaintiff to conduct expert discovery.  Plaintiff shall have 45 days to produce a report and Defendnats shall have 45 days thereafter to depose Plaintiff's expert.  Additional deadlines, including the trial date will be continued.

As to Defendants' motions for sanctions, they argue that Plaintiff also should have preserved data that his vehicle recorded prior to the accident.  Defendants argue that Plaintiff should be held to the same standard as Defendants as to the retention of electronic data.  However, Plaintiff is a layperson and not a business entity in a heavily regulated industry – it is unclear whether Plaintiff was even aware that his vehicle recorded electronic data.  There also does not appear to be any serious dispute as to liability such that Plaintiff's vehicle's data would be integral to any defense.  For these reasons and those set forth at the hearing, Defendants' motion must be denied.

**Conclusion**

For the foregoing reasons, Plaintiff's Renewed Motion for Sanctions (Doc. 47) is **GRANTED in part and DENIED without prejudice in part** and Defendants' Motion for Sanctions (Doc. 54) is **DENIED**.

Accordingly, it is hereby **ORDERED** that:

1.  Plaintiff shall have 45 days from the date of the hearing (June 9, 2026) to disclose his expert and produce an expert report.

2.  Defendants shall have 45 days thereafter to depose Plaintiff's expert.  If Defendants also seek to disclose an expert out-of-time, they may file a motion.

3.  The Discovery deadline is extended to September 7, 2026.  Dispositive motions (for summary judgment and/or to exclude expert) shall be filed by September 21, 2026.  Response shall be due by October 19, 2026 and replies are due by November 2, 2026.

4.  The September 29, 2026 final pretrial conference and October 5, 2026 jury trial dates are **VACATED.**  The Final Pretrial Conference is **RESET** to June 1, 2027 at 9:30 a.m. and the Jury Trial is **RESET** to June 7, 2027 at 9:00 a.m. and will be scheduled for 4 days.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of June, 2026